

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-18-2008

# Peregina v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4175

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Peregina v. Atty Gen USA" (2008). *2008 Decisions.* Paper 644.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/644

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-4175

———————

YUDDY PEREGINA,

Petitioner

v.

ATTORNEY GENERAL OF
THE UNITED STATES,

Respondent

———————

On Petition for Review of an Order of
the Board of Immigration Appeals
Agency No. A96-427-281
Immigration Judge: Donald V. Ferlise

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
on March 11, 2008

———————

Before: FUENTES, CHAGARES and ALDISERT, Circuit Judges

(Filed: August 18, 2008)

———————

OPINION

———————

ALDISERT, Circuit Judge.

Yuddy Peregina, a native and citizen of Indonesia and a Christian of Chinese

ethnicity, petitions for review of the final decision of the Board of Immigration Appeals ("BIA") ordering his removal from the United States. He challenges the BIA's denial of his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). For the reasons set forth below, we will deny the petition.

I.

We lack jurisdiction to review the BIA's denial of Peregina's asylum application. The denial was based on Peregina's failure to timely file his application for asylum, and we "lack[] jurisdiction to review an asylum petition that an Immigration Judge ('IJ') or [the BIA] deems untimely." Tarrawally v. Ashcroft, 338 F.3d 180, 182 (3d Cir. 2003).

To the extent Peregina alleges violation of due process, we lack jurisdiction to address it as he failed to present the argument to the BIA. See Bonhometre v. Gonzales, 414 F.3d 442, 448 (3d Cir. 2005) ("[Petitioner]'s claims, though argued in the language of procedural due process, essentially claim that the IJ failed in its duty to completely develop this case . . . . [Because petitioner's] procedural due process claims thus could have been argued before the BIA, . . . his failure to do so is thus fatal to our jurisdiction over this petition.").

II.

We do have jurisdiction, however, to review the denial of Peregina's applications for withholding of removal and relief under the CAT. Where, as here, the BIA adopted the decision of the IJ, we review the decisions of both the BIA and the IJ. Shehu v. Att'y General, 482 F.3d 652, 657 (3d Cir. 2007). "We review the IJ and BIA's findings for

2

substantial evidence and, therefore, may not set them aside unless a reasonable factfinder would be compelled to find to the contrary." Id.

A.

"[T]he Attorney General may not remove an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group or political opinion." 8 U.S.C. § 1231(b)(3)(A). "It is the applicant's burden to establish the threat to life or freedom by a 'clear probability.' This standard is satisfied if the evidence establishes that it is more likely than not that the alien would be subject to persecution on one of the specified grounds." Jarbough v. Att'y General, 483 F.3d 184, 190-191 (3d Cir. 2007) (internal quotation marks and citations omitted). "A finding of past persecution raises a rebuttable presumption that the applicant's life or freedom would be threatened in the future." Id. at 191 (internal quotation marks and citations omitted).

Substantial evidence supports the IJ's determination that Peregina did not establish that he has suffered from past persecution. The IJ found that classmate demands for money, an after-school fight and disputes relating to Peregina's father's store were motivated by money and, regardless, were not sufficiently severe to rise to the level of persecution. See Lie v. Ashcroft, 396 F.3d 530 (3d Cir. 2005).

We detect no evidence that Peregina was harmed by the Indonesian government, or that the government was unwilling or unable to protect him. In addition, Peregina has failed to establish that there is a "pattern or practice" of persecution of Chinese Christians

3

in Indonesia. <u>Wong v. Att'y General</u>, No. 06-3539, --- F.3d --- (3d Cir. 2008) (discussing the U.S. State Department's 2003 and 2004 Country Reports on Human Rights Practices for Indonesia and the U.S. State Department's 2003 and 2004 International Religious Freedom Reports for Indonesia). Furthermore, because his parents and siblings remained in Indonesia unharmed, the IJ reasonably concluded that Peregina failed to establish that he would be persecuted if removed to Indonesia.

B.

"To qualify for relief under the CAT, an applicant . . . bears the burden of proving through objective evidence that 'it is more likely than not' that s/he would be 'tortured' in the country to which the applicant would be removed." <u>Obale v. Att'y General</u>, 453 F.3d 151, 161 (3d Cir. 2006). Peregina offers no support for his contention that he will be tortured should he return to Indonesia. Thus we will not reverse the denial of his application for protection under the CAT.

* * * * *

We have considered all contentions raised by the parties and conclude that no further discussion is necessary.

The petition for review will be denied.